UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHERYL SALEMY,           )
                         )
            Plaintiff    )
                         )
        vs.              )     CAUSE NO. 3:15-CV-21 RLM
                         )
BIOMET, INC. and         )
SEACOAST BIOMET, INC.,   )
                         )
            Defendants   )

OPINION and ORDER

Cheryl Salemy's first complaint was filed in this court in March 2014 as Cause No. 3:14-CV-654, naming Biomet, Inc. as the only defendant. The case was stayed on pending revision surgery, and on September 19, I dismissed the case without prejudice pursuant to a joint stipulation signed by Thomas Anapol and Mark Lanier as counsel for Ms. Salemy; plaintiff's local counsel Howard Ross didn't sign that stipulation.

Ms. Salemy filed a second complaint in Massachusetts state court in November 2014, naming Biomet, Inc. and Seacoast Biomet, Inc. (a Massachusetts distributor) as defendants. Ms. Salemy's claims include breach of the MDL settlement agreement by Biomet and breach of implied warranties by Biomet and Seacoast Biomet.

The Biomet defendants filed a notice of removal of the state court action on December 17, 2014; Ms. Salemy objected to the conditional transfer order on

December 23; and on December 24, the MDL Panel directed Ms. Salemy to file a motion to vacate and supporting brief by January 7, 2015. When she filed no motion or brief by that date, the case was transferred to this court on January 12.

On January 16, Ms. Salemy filed (1) a motion to reconsider and permit her to file a late brief, and (2) a motion to vacate the removal. The motions were filed in this court, but contained the captions, "Before the United States Judicial Panel on Multidistrict Litigation." Before any rulings were entered in this court[1], Ms. Salemy filed a Notice of Voluntary Dismissal without prejudice "to her right to re-file this action in the Norfolk Superior Court in Massachusetts where it was originally commenced and from which court this action was wrongfully removed." Notice (docket # 17, dated Jan. 19, 2015). Neither Biomet nor Seacoast Biomet had filed an answer when Ms. Salemy filed her dismissal notice.

The Biomet defendants then filed a combined response to Ms. Salemy's motions to reconsider and to vacate and her notice of dismissal, and a motion for sanctions, in which they ask the court to require plaintiff's local counsel to pay the defendants' attorneys' fees, costs, and expenses "reasonably incurred because of his improper conduct." Sanctions Memo., at 2 (*citing* 28 U.S.C. § 1927).

I held a hearing on March 16 to address the plaintiff's motions to reconsider and vacate, the defendants' motion for sanctions, and the effect of Ms. Salemy's notice of dismissal. Howard Ross appeared telephonically and represented Ms.

---

[1] The court has no information about the status of the motions with the MDL Panel.

Salemy; Erin Hanig, John LaDue, and John Winter were present in person and represented the defendants. At the end of the hearing, I took the motions under advisement. This Opinion and Order addresses the parties' written and oral arguments on each of the motions.

*Discussion*

Following the transfer of Ms. Salemy's complaint to this court as part of 3:12-md-2391, she moved to vacate the Panel's transfer order and to vacate the CTO and remand the case to the District of Massachusetts. Those motions lie outside my authority. Only the Panel has the authority to reconsider its own transfer order; a transferee court has no such authority. But Ms. Salemy's motions would have been denied even if she had timely filed them with the Panel. Ms. Salemy argues that this case shouldn't even have been in front of the Panel because federal jurisdiction under 28 U.S.C. § 1332 is lacking: one of the defendants is, like Ms. Salemy, a citizen of Massachusetts.

The Panel doesn't vacate CTOs because removal was improper or because federal jurisdiction is missing. *See* <u>In re Darvocet, Darvon and Propoxyphene Prods. Liab. Litig.</u>, 939 F. Supp. 2d 1376, 1377 (Jud.Pan.Mult.Lit. 2013) ("We have often held . . . that jurisdictional issues, such as a claimed lack of diversity or absence of a federal question, do not present an impediment to transfer, as plaintiffs can present such arguments to the transferee judge."); <u>In re: Helicopter Crash Near Wendle Creek, British Columbia, on August 8, 2002</u>, 542 F. Supp. 2d

1362, 1363 (Jud.Pan.Mult.Lit. 2008) ("In considering transfer under Section 1407, the Panel is not encumbered by considerations of in personam jurisdiction and venue."). Such issues would draw the Panel into decisions on the merits of the cases it is considering centralizing, and the Panel carefully avoids such issues. *See* In re New England Mut. Life Ins. Co. Sales Practices Litigation, 324 F. Supp. 2d 288, 292 (D.Mass. 2004) ("The statutory provision that governs multidistrict litigation (28 U.S.C. § 1407) does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case."); John T. McDermott, "The Judicial Panel on Multidistrict Litigation," 57 F.R.D. 215, 220 (1973) ("The sole criteria for the transfer of related cases for coordinator or consolidated pretrial proceedings is based on an almost subjective determination by the Panel as to whether transfer will serve the convenience of parties and witnesses and will promote the just and efficient conduct of the cases."). If transfer is otherwise appropriate under 28 U.S.C. § 1407, the Panel relies on the transferee judge to sort out jurisdictional and removal issues. So even if I had the power to turn back the clock and send this case to the Panel to rule on the motion to vacate the CTO, the Panel would send it right back here.

For the same reasons, it seems likely that if Biomet removes the case now pending in the Massachusetts state court, that case will follow the same path as did this one: the Panel will issue a CTO and overrule any objection based on improper removal or want of diversity, and that case will be in this MDL docket in a matter of months.

Biomet also seems to have the stronger argument on the meaning of the Master Settlement Agreement. The MSA provides that a plaintiff who had revision surgery to address an M2a device falls into one category, *see* MSA, ¶ 2(a) & (b), and a plaintiff who had revision surgery to address a ReCap device falls into another. *See* MSA, ¶ 2(b)(5) – (7). The latter provision is necessary to distinguish between plaintiffs who had a complete M2a device and plaintiffs who had other devices that incorporated a part of the M2a device, so Ms. Salemy's case appears to fall into that latter provision. But, in any event, a dispute over the amount a plaintiff is to receive must go to mediation before it comes before me, *see* MSA, ¶ 3, and this case hasn't been to mediation.

I don't have the authority to decide that issue because Ms. Salemy filed a notice of dismissal of this case before either defendant filed an answer. A plaintiff has a right to take that step under Federal Rule of Civil Procedure 41(a), and regardless of how judicial economy might best be served, a district judge has no authority to refuse a dismissal notice filed in accordance with Rule 41(a). *See* Jenkins v. Village of Maywood, 506 F.3d 622, 624 (7th Cir. 2007) ("[U]nder Rule 41(a), the dismissal was effective immediately upon the filing of the Stipulation."); United States v. One 1997 E35 Ford Van, VIN: 1FBJS31VHB70844, No. 98 C 3548, 2010 WL 1172481, at *2 (N.D. Ill. Mar. 22, 2010) ("A voluntary dismissal that satisfies the requirements of Rule 41(a)(1)(A) is effective upon filing and divests the court of authority to impose conditions or exercise discretion."). Thus, this case should have been dismissed on or soon after January 19, when Ms.

Salemy filed her notice of dismissal, and nothing that has happened since then resurrects the case.

That leaves the motion for sanctions under 28 U.S.C. § 1927, which allows a court to assess an award of fees and costs against a plaintiff who multiplies the proceedings unreasonably and vexatiously. Dismissal of a case doesn't defeat a court's authority to enter a sanctions order under § 1927, *see* <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 395 (1990) ("In our view, nothing in the language of Rule 41(a)(1)(I), Rule 11, or other statute or Federal Rule terminates a district court's authority to impose sanctions after such a dismissal."), but since the case should have been dismissed on or shortly after January 19, it seems appropriate for the court to resolve the sanctions motion from the perspective of January: in other words, by asking whether Mrs. Salemy had unreasonably and vexatiously multiplied the proceedings by January 19, 2015.

I don't find that she did. If Ms. Salemy wanted the benefit of the MSA, it would have been more logical for her to refile her case before me and to sue only Biomet rather than including a non-diverse defendant who isn't a party to the MSA. But I can't find that her choice of the less logical path unreasonably and vexatiously multiplied the proceedings in the case; it only caused Biomet to file a removal petition with a slightly greater degree of difficulty than usual and ready itself to oppose a motion to vacate the conditional transfer order.

It might well be that proceeding with the third case now pending in the state courts of Massachusetts could violate 28 U.S.C. § 1927, but that case isn't before

me.

<em>Conclusion</em>

For the foregoing reasons, I DENY the plaintiff's motion to file a late motion to vacate transfer [docket # 15] and motion to vacate and remand [docket # 16], DENY the defendants' motion for sanctions [docket # 23], and ORDER this case dismissed under Federal Rule of Civil Procedure 41(a)(1) pursuant to the plaintiff's notice of voluntary dismissal [docket # 17].

SO ORDERED.

ENTERED:     March 18, 2014

                    /s/ Robert L. Miller, Jr.
                   Judge, United States District Court